E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
ELAN S. LEVEY (State Bar No. 174843)
Assistant United States Attorney
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3997
    Facsimile: (213) 894-7819
    Email: elan.levey@usdoj.gov

Attorneys for Defendant, United States Department of Education

# UNITED STATES BANKRUPTCY COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JESSICA COTO,<br><br>    Debtor. | Case No. 2:22-bk-16166-BB<br><br>Chapter 7 |
| JESSICA COTO,<br><br>    Plaintiff,<br>vs.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    Defendant. | Adv. No. 2:23-ap-01073-BB<br><br>**STIPULATION TO SETTLE AND DISMISS ADVERSARY PROCEEDING**<br><br><u>Status Conference:</u><br>Date: April 11, 2023<br>Time: 2:00 p.m.<br>Place: Courtroom 1539<br>       255 E. Temple Street<br>       Los Angeles, CA 90012 |

///

///

///

      IT IS HEREBY STIPULATED by and between Plaintiff Jessica Coto ("Plaintiff") and Defendant United States Department of Education ("Defendant"), through their respective counsel of record (collectively, the "Parties"), with reference to the following facts and subject to Bankruptcy Court approval:

## **RECITALS**

A.     Plaintiff commenced her bankruptcy case by filing a voluntary petition under Chapter 7 of 11 U.S.C. § 101 *et. seq* on April 23, 2020.

B.     On January 31, 2023, Plaintiff filed a complaint for the determination of dischargeability of student loan debt, pursuant to 11 U.S.C. Section 523(a)(8) (Docket No. 1) ("Complaint"), commencing the subject adversary proceeding ("Adversary Proceeding").

C.     After the issuance of a Summons, Education timely filed an Answer to the Complaint (Docket No. 6).

D.     Pre-petition, on March 2, 2020, Plaintiff executed a Federal Direct Consolidation Loan Application and Promissory Note ("Note") to obtain a Federal Direct Consolidation Loan ("Student Loan") from Defendant.

E.     On April 2, 2020, Defendant disbursed proceeds of the Student Loan obtained pursuant to the Note on Plaintiff's behalf in the principal amounts of $25,429.18 and $276,927.57, at an interest rate of 6.25% interest per annum.

F.     The Student Loan was made under loan guaranty programs authorized under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1070 *et seq*. (34 C.F.R. Part 685).

G.     The Note evidences a student loan made to or on behalf of Plaintiff under a program funded in whole or in part by a governmental unit within the meaning of 11 U.S.C. § 523(a)(8). Defendant currently holds all right, title and interest in the Note and the Student Loan.

H.     The unpaid balance of the Student Loan is approximately $295,769.11. To date, $6,587.64 in payments have been credited to the Student Loan.

I.     Plaintiff alleges that repayment of the Student Loan would be an undue hardship pursuant to 11 U.S.C. § 523(a)(8).

J. In order to resolve this matter without the need for further litigation, the Parties agree that Plaintiff will enroll in an income-driven repayment plan and the Public Service Loan Forgiveness Program. Based thereon, the Parties agree that dismissal of the Adversary Proceeding with prejudice is appropriate under the terms and conditions set forth below.

## **STIPULATION**

1. The Recitals set forth above are hereby incorporated into the Stipulation by this reference.

2. Plaintiff and Defendant have agreed that:

    (a) Plaintiff will apply for enrollment in Defendant's Public Service Loan Forgiveness ("PSLF") program, to the extent Plaintiff so qualifies;

    (b) In order to be eligible for the PSLF program, Plaintiff will enroll in one of Defendant's income-driven repayment plans, including, but not limited to, the REPAYE plan, which is estimated to result in a monthly payment of $194.29 based upon Plaintiff's present adjusted gross income;

    (c) Defendant shall issue its determination of Plaintiff's Borrower Defense ("BD") application within thirty-six (36) months from July 18, 2022, or approximately July 18, 2025;

    (d) If Plaintiff's BD application is approved, it is likely, but not guaranteed, that Plaintiff will receive an estimated refund of $7,348.64 for the amounts she expended in repayment of her federal student loans for her attendance at the University of Phoenix and the Chicago School of Psychology;

    (e) If Plaintiff's BD application is approved, Plaintiff may be eligible for a full or partial BD administrative discharge of her Student Loans; and

    (f) If a full BD discharge is not approved, Plaintiff's simultaneous enrollment in an income-driven repayment plan would allow Plaintiff to remain eligible for PSLF and a full discharge upon completion of the 10-year payment plan under PSLF.

3. Pursuant to Federal Rule of Bankruptcy Procedure 7041 and Federal Rule of Civil Procedure 41(a), the Adversary Proceeding shall be dismissed in its entirety.

4. Plaintiff may make any and all Student Loan payments by mail, telephone, online, or as otherwise agreed upon by Plaintiff and Defendant's loan servicer. Payments made by U.S. mail must be payable in good funds and must include Plaintiff's Student Loan Account Number.

5. Defendant's failure to provide a coupon payment booklet, monthly reminder notice, or receipt for payment does not relieve Plaintiff's obligation and/or agreement to make consecutive, timely payments, if any are so required. Plaintiff may at any time choose to repay her Student Loan to Defendant in full or in part ahead of schedule without prepayment penalty. Consolidation, however, is not considered prepayment.

6. The terms of this Stipulation shall survive and be effective in any future bankruptcy filing under any chapter of the United States Bankruptcy Code by Plaintiff.

7. Any and all individual taxation consequences as a result of this Stipulation are the sole and exclusive responsibility of Plaintiff. Defendant does not warrant any representation of any tax consequences of this Stipulation. Nothing contained herein shall a constitute a waiver by Plaintiff of any right to challenge any tax consequences of this Stipulation and/or any cancellation of debt resulting from forgiveness of any balance due on the Student Loan.

8. If any one or more terms or provisions of this Stipulation is/are held to be unenforceable, the remaining terms and provisions shall remain in full force and effect and shall be construed as if the unenforceable provisions had never been contained in this Stipulation.

9. Any amendment, modification, or waiver of any term or condition of this Stipulation must be made in writing and signed by all Parties hereto. Any attempted oral or implied amendment, modification or waiver shall be null and void.

10. Except as provided in this Stipulation, all other terms of the Note remain in effect and are hereby incorporated by reference. To the extent that the terms of the Note conflict with the terms of this Stipulation, the terms in this Stipulation control.

11. This written agreement contains all of the agreements between the Parties, and is intended to be and is the final and sole agreement between the Parties. The Parties agree that any other prior or contemporaneous representations or understandings not explicitly contained in this written agreement, whether written or oral, are of no further legal or equitable force or effect. Any

3

1  subsequent modifications to this agreement must be in writing, and must be signed and executed by
2  the Parties.
3      12.    The Stipulation shall be binding upon any successors of Defendant or assignees of
4  the Student Loan.
5      13.    Plaintiff agrees to accept the terms set forth in this Stipulation in full settlement and
6  satisfaction of any and all claims, demands, rights, and causes of action of any kind and nature
7  whatsoever, arising from the same subject matter that gave rise to the Adversary Proceeding,
8  including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown,
9  and whether for compensatory or exemplary damages.
10     14.    The Parties to this Stipulation represent and warrant that they have reviewed and
11 understand its terms and contents.  The Parties to this Stipulation further represent and warrant that
12 each has the power to execute, deliver, and perform this Stipulation agreement; that each has taken
13 all necessary action to authorize the execution, delivery, and performance of this Stipulation
14 agreement; and that this Stipulation is enforceable in accordance with its terms.
15     15.    The Parties hereby acknowledge and agree that they have been represented by, or
16 had the opportunity to seek representation by, independent counsel of their own choice throughout
17 all negotiations that preceded the execution of this Stipulation.
18     16.    Plaintiff represents and acknowledges that she enters into this Stipulation freely and
19 voluntarily. Plaintiff further acknowledges that she had sufficient opportunity to consult with an
20 attorney regarding the terms and conditions of this Stipulation.
21     17.    It is contemplated that this Stipulation may be executed in several counterparts with
22 a separate signature page for each party. All such counterparts and signature pages, collectively,
23 shall be deemed to be one document.
24     18.    All notices pursuant to this Stipulation shall be sent by U.S. Mail, postage paid:

**If to Plaintiff:**
Jessica Coto
6031 Golding Drive
Lancaster, CA 93536

**If to Education:**
U.S. Department of Education
Attention: Cristin Bulman
Litigation Unit
Federal Student Aid
50 United Nations Plaza
Mail Box 1200, Room 1240
San Francisco, CA 94102

19. The Parties certify that they have read and fully understand its terms.

20. The Parties agree to bear their own attorney's fees and costs in connection with the Adversary Proceeding.

Dated: April 7, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

/s/ Elan S. Levey
ELAN S. LEVEY
Assistant United States Attorney

Attorneys for Defendant,
United States Department of Education

Dated: April 11, 2023

WADHWANI & SHANFELD, A PROF LAW CORP.

RAJ T. WADHWANI
Assistant United States Attorney

Attorneys for Plaintiff, Jessica Coto

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: United States Attorney's Office, 300 N. Los Angeles Street, Room 7516, Los Angeles, California 90012

A true and correct copy of the foregoing document entitled ***STIPULATION TO SETTLE AND DISMISS ADVERSARY PROCEEDING*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 11, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Howard M Ehrenberg (TR)**    ehrenbergtrustee@gmlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com howard.ehrenberg@ecf.courtdrive.com;Karen.Files@gmlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Raj T Wadhwani**    raj@wslaw.com, wadhwaniandshanfeld@gmail.com
- **Elan S Levey**    elan.levey@usdoj.gov, julie.morales@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **April 11, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 11, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 11, 2023 | JULIE MORALES | _/s/ Julie Morales_ |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**